

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT
DOCKET: SUCR-1884-CR0349
SUCR-1884-CR0088

## COMMONWEALTH vs DAVD PERRY

**DEFENDANT DAVID PERRY'S *PRO SE*
MOTION FOR THE RETURN OF PROPERTY
SEIZED BY THE COMMONWEALTH ON NOVEMBER 14, 2017**

Now comes the Defendant, David Perry, acting on his own behalf to respectfully request that this Honorable Court authorize the return of 13 specific items of personal property belonging to David Perry, identified below, that were seized by the Commonwealth on November 14, 2017. (See: <u>Affidavit of David W. Perry</u>, dated February 8, 2022, attached hereto as <u>Exhibit #1</u>.)

### FACTS

1. <u>**On November 14, 2017**</u>, State Trooper Patrick Johnson, ("Johnson"), appeared before the Suffolk Superior Court seeking search warrants for the following locations and/or items:

    a. The residence of David Perry located at 36 Augustus Court, Reading,
    b. The car of David Perry, which is a white Chevrolet Camaro bearing Massachusetts Registration 7SW134.
    c. The Samsung Galaxy cellular phone of David Perry number 781-727-9147
    d. The person of David Perry
    e. The office of RES, located at 2599 Washington St, Roxbury, MA

2. **On November 14, 2017**, Superior Court Judge Mary K. Ames issued all five (5) search warrants requested. Searches were carried out resulting in the seizure of numerous items belonging to the Defendant including, *inter alia*, the 13 below-listed items which are the subject of this Motion to Return Property.

3. **On or after November 14, 2017**, the Commonwealth filed five (5) separate Search Warrant Returns identifying each of the Defendant's possessions that were seized on November 14, 2017.

4. The Defendant seeks the return of the following 13 items, all of which were extracted from the Search Warrant Returns and are listed as follows:

| Item | Description | Location | Officer |
|---|---|---|---|
| 1. | Gold Samsung Galaxy Cell Phone SM-G928V | Closet dresser draw in Bedroom #2 | TFO MacHugh |
| 2. | Box containing black Samsung Cell Phone | Safe, Bedroom #2 | Detective Fitzgerald |
| 3. | Hard drive (S/N:SODFJ1IL800446) in envelope with connecting cable, manual and cd | Bottom cabinet of Entertainment center in Living Room | Detective Muollo (Reading PD) |
| 4. | Hard drive (S/N:CNV65204PW) | Desk cabinet in Living Room | Detective Fitzgerald |
| 5. | Miscellaneous Court Documents – Delorey and Bouchard | File cabinet in Living Room | Detective Fitzgerald |
| 6. | Miscellaneous Paperwork | File Folder Bag | Johnson |
| 7. | HP Laptop | Bag in Trunk | Johnson |
| 8. | Black Tablet | File Folder Bag | Johnson |
| 9. | Miscellaneous Paperwork | Bag in Trunk | Johnson |
| 10. | Black Samsung Cell Phone | Front Seat area by Gear Shift | Johnson |
| 11. | Compaq Presario "Perry CPU" | 1st Fl Office | Sgt Ross |
| 12. | The Samsung Galaxy cell phone of David Perry number 781-727-9147 which was the subject of its own search warrant. | Front Seat area by Gear Shift | Johnson |
| 13. | David Perry's passport | Closet dresser draw in Bedroom #2 | TFO MacHugh |

5. **On May 9, 2018**, the Defendant was arraigned in Suffolk Superior Court on the indictments which were the subject of the Defendant's prosecution.

6. **On May 9, 2018 and again on June 18, 2018**, the Defendant twice notified the Commonwealth that given his status as a duly licensed practicing attorney at the time of the seizures, he was asserting his privilege rights related to his status as an attorney from the outset of his prosecution.

7. The Commonwealth was already aware that the Defendant was a practicing attorney at the time his property was seized.

8. The Defendant formally placed the Commonwealth on notice that he was asserting his privilege against any exposure to privileged "attorney-client" communications, legal defense files, written memoranda, email communications, legal research, research, case law, defense strategies, trial exhibits and all client work product that the Commonwealth would expect to find located within and throughout every one of the nine (9) electronic devices seized.

9. **On June 18, 2018**, Defense Counsel Robert Goldstein notified the Commonwealth that the Defendant was requesting that a court-approved privilege protocol be established before any searches of the substantive data and/or privileged communications located within these nine (9) electronic devices were commenced.

10. Over the months to follow, and specifically, on **April 3, 2019, April 11, 2019, May 29, 2019, June 25, 2019** and **July 24, 2019**, the parties appeared before the Court in their effort to fashion a privilege protocol that would be acceptable to both parties and approved by the Court.

11. **At one of these appearances on May 29, 2019**, Assistant Attorney General Kristyn Dusel Kelly, ("AAG Kelly"), confirmed that the prosecutors from the Attorney General's Office have been "*walled off*" from reviewing any of the substantive data and privileged communications located throughout the nine (9) electronic devices seized until such time as a privilege protocol is approved by the Court.

    (See: Transcript of Hearing on Privilege Protocol Review, conducted on May 29, 2019 before Superior Court Justice Heidi Breiger, at Page 4, Line 4, attached hereto as Exhibit #2.

12. AAG Kelly remained "*walled off*" from reviewing any of the substantive data and privileged communications right up until the time that the parties ultimately abandoned the need for a privilege protocol in lieu of seeking a plea agreement between the parties with the goal of resolving the case in its entirety by way of a Lobby Conference before Judge Sullivan.

13. **On July 24, 2019**, *with a privilege protocol still not established and AAG Kelly still "walled off",* the parties requested that the Court schedule a Lobby Conference in their effort to resolve the case without any need to further engage in the complicated, voluminous privilege protocol process.

14. **On August 20, 2019 and again on September 12, 2019**, Lobby Conferences were held before the Honorable Suffolk Superior Court Judge William Sullivan, at which time the Court handed down its recommendation that the Defendant be sentenced to 30 months in the House of Correction.

15. The matter was continued until **October 2, 2019** for the Defendant to enter his change of plea to guilty.

16. **On October 2, 2019** the Defendant changed his plea to guilty on the counts as charged and immediately commenced his 30-month sentence that same day.

17. As a condition of the Defendant's guilty plea and as set forth in the Commonwealth's Sentencing Memorandum, the Commonwealth requested that the following conditions be applied:

    (1) surrender his law license,
    (2) not operate any sober houses/treatment facilities,
    (3) stay away from and have no contact with Witnesses 1, 2, and 3,
    (4) continue to participate in Narcotics Anonymous/regularly attend meetings and
    (5) remain drug free with random screens.

18. At no time did the Commonwealth request that any of the 13 items be subjected to "**forfeitur**e" during the entire pendency of the Commonwealth's investigation and prosecution of the Defendant from 2017-2019.

19. None of the 13 items were ever classified as "**contraban**d" by the Commonwealth

20. None of the substantive data and/or privileged communications located within these nine (9) electronic devices were ever **"accessed, searched or reviewed"** by the Commonwealth.

21. None of the substantive data and/or privileged communications located within these nine (9) electronic devices was ever classified or utilized as **"evidence"** against the Defendant.

22. Several of the electronic devices, the "Miscellaneous Court Documents" and other "Miscellaneous Paperwork" seized by the Commonwealth contained or consisted of privileged legal documents related to the Defendant's law practice.

23. Given the fact that this case was disposed of over two (2) years ago on October 2, 2019, the property is no longer needed for evidence and the Commonwealth has no need for its use, there exists no **"hardship or prejudice"** that would be suffered by the Commonwealth related to the return of the Defendant's property

**ARGUMENT**

M.G.L. Ch. 276, Section 3 states that "if an officer in the execution of a search warrant finds property or articles therein described, he shall seize and safely keep them, under the direction of the court or justice, so long as necessary to permit them to be produced or used as evidence in any trial. *As soon as may be, thereafter, all property seized under clause First of section one shall be restored to the owners thereof...*" (emphasis added)

Federal Rule 41(g) provides that "[a] person aggrieved ... by the deprivation of property may move the [court] for the property's return. Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return. *See* Dean, 100 F.3d at 20; United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993).

However, "[a] Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.' " Mills, 991 F.2d at 612.  See also United States v. Pierre, 484 F.3d 75, 87 (1st Cir.2007).

Further, "[t]he burden shifts to the government when the criminal proceedings have terminated. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir.1999)

Page **6** of **8**

The Defendant submits that the Commonwealth has "no legitimate reason to retain the property". As such, for the following reasons the Defendant's property should rightfully be returned at this time. The prosecution of the case *sub judice* ended effective October 2, 2019. The substantive data and/or privileged communications located in the above-referenced items 1) were never "accessed, searched or reviewed", 2) were never used as evidence by the Commonwealth nor 3) were never classified as contraband.

At no time did the Commonwealth request that any of the 13 items in question be subjected to "forfeiture" during the entire pendency of the Commonwealth's investigation and prosecution of the Defendant. At no time did the Commonwealth ever dispute the fact that all of the property in question belongs to the Defendant.

The Commonwealth's need for the seized property no longer exists given the fact that this case was disposed of on October 2, 2019, coupled with the facts set forth in Paragraphs 15-19 above. The Commonwealth will suffer no "hardship or prejudice" related to the return of the Defendant's property at this time, two (2+) years post-disposition of the case.

**WHEREFORE,** the Defendant respectfully prays that this Honorable Court allow this Motion and order the return of the Defendant's property at this time.

A "Proposed Order" has been submitted herewith for the Court's review and convenience.

Respectfully submitted,
by the Defendant David W. Perry,
acting on his own behalf,

_____
David W. Perry
36 Augustus Court, Unit 1003
Reading, MA 01867

781-315-5593
developerdave@comcast.net

Date:   February 8, 2022

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT
DOCKET:   SUCR-1884-CR0349
SUCR-1884-CR0088

## COMMONWEALTH vs DAVD PERRY

### AFFIDAVIT OF DAVID PERRY

Now comes the Defendant, David Perry, and hereby deposes and states as follows:

1. I have personal knowledge of the matters stated herein and understand the duties and obligations of an oath.

2. Om November 14, 2017, the Commonwealth seized the below-listed 13 items all of which belong to me and are my property.

3. The 13 items in question are:

| Item | Description | Location | Officer |
|---|---|---|---|
| 1. | **Gold Samsung Galaxy Cell Phone SM-G928V** | Closet dresser draw in Bedroom #2 | TFO MacHugh |
| 2. | **Box containing black Samsung Cell Phone** | Safe, Bedroom #2 | Detective Fitzgerald |
| 3. | **Hard drive (S/N:SODFJ1IL800446) in envelope with connecting cable, manual and cd** | Bottom cabinet of Entertainment center in Living Room | Detective Muollo (Reading PD) |

| 4. | Hard drive (S/N:CNV65204PW) | Desk cabinet in Living Room | Detective Fitzgerald |
|---|---|---|---|
| 5. | Miscellaneous Court Documents - Delorey and Bouchard | File cabinet in Living Room | Detective Fitzgerald |

| 6. | Miscellaneous Paperwork | File Folder Bag | Johnson |
|---|---|---|---|
| 7. | HP Laptop | Bag in Trunk | Johnson |
| 8. | Black Tablet | File Folder Bag | Johnson |
| 9. | Miscellaneous Paperwork | Bag in Trunk | Johnson |
| 10. | Black Samsung Cell Phone | Front Seat area by Gear Shift | Johnson |

| 11. | Compaq Presario "Perry CPU" | 1st Fl Office | Sgt Ross |
|---|---|---|---|
| 12. | The Samsung Galaxy cell phone of David Perry number 781-727-9147 which was the subject of its own search warrant. | Front Seat area by Gear Shift | Johnson |
| 13. | David Perry's passport | Closet dresser draw in Bedroom #2 | TFO MacHugh |

4. The underlying criminal prosecution that led to the seizure of these 13 items concluded on October 2, 2019.

5. The Commonwealth has no on-going use for any of my 13 items of property.

6. At no time did the Commonwealth request that any of the 13 items be subjected to "forfeiture" during the entire pendency of the Commonwealth's investigation and prosecution into my case.

7. None of the 13 items were ever classified as "contraband" by the Commonwealth.

8. None of the substantive data and/or privileged communications located within these nine (9) electronic devices was ever "accessed, searched or reviewed" by the Commonwealth.

9. None of the substantive data and/or privileged communications located within these nine (9) electronic devices was ever identified or utilized as "evidence" against me.

10. Given the fact that this case was disposed of on October 2, 2019, coupled with the facts set forth in Paragraphs 4-9 above, the Commonwealth will suffer neither "hardship nor prejudice" related to the return of my property two (2) years post-disposition of the case.

11. Several of the electronic devices as well as the "Miscellaneous Court Documents" and other "Miscellaneous Paperwork" seized by the Commonwealth contain or consist of privileged legal documents and other attorney-client communications directly related to my law practice.

Signed under the pains and penalties of perjury this 8th day of February 2022.

_____
David W. Perry

## CERIFICATE OF SERVICE

I, David W. Perry, hereby certify that on the 8th day of February, 2022 that I filed the foregoing via First Class Mail and via Return Receipt Requested with the Attorney General's Office, namely with Assistant Attorney General Kristyn Dusel Kelly, who previously handled the investigation and prosecution of the underlying matter.

_____
David W. Perry

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
                                                SUPERIOR COURT DEPARTMENT
                                                DOCKET NO. 1884CR00349
                                                               1884CR00088

COMMONWEALTH v. DAVID PERRY

**COMMONWEALTH'S RESPONSE TO DEFENDANT'S MOTION FOR THE RETURN OF PROPERTY SEIZED BY THE COMMONWEALTH ON NOVEMBER 14, 2017**

The Commonwealth of Massachusetts hereby agrees to return the property the defendant specifies in his motion, particularly items 1-13. This agreement to return is contingent upon the defendant agreeing to follow the procedure for the return of items. The Commonwealth will make arrangements with the defendant to make an appointment to come to the Attorney General's Office at One Ashburton Place Boston, MA. At the time of his appointment, he must present a license or other form of identification and sign a receipt for the items that were returned. A copy of the receipt will be provided to the defendant. This will be done in the presence of a law enforcement officer who did not participate in the investigation.

A copy of this motion has been sent to the defendant, who represents himself pro se, via email at developerdave@comcast.net.

                                                           Respectfully submitted
                                                           For the Commonwealth,

                                                           MAURA HEALEY
                                                           ATTORNEY GENERAL

Date:  May 10, 2022                   By:    *Kristyn Dusel Kelly*
                                                           Kristyn D. Kelly, BBO 679043
                                                           Assistant Attorney General
                                                          Office of the Attorney General
                                                          One Ashburton Place
                                                          Boston, Massachusetts 02108
                                                          (617) 963-2682

```
                                    Volume:    1 of 1
                                    Pages:     1-12
                                    Exhibits:  0
```

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                        SUPERIOR COURT DEPARTMENT
                                    OF THE TRIAL COURT

```
* * * * * * * * * * * * * * * * *
                                *
COMMONWEALTH OF MASSACHUSETTS   *
                                *
v.                              *   Docket No. 1884CR00088
                                *
DAVID W. PERRY                  *
                                *
* * * * * * * * * * * * * * * * *
```

MOTION AND STATUS HEARING
BEFORE THE HONORABLE HEIDI BRIEGER

APPEARANCES:

For the Plaintiff:
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
By:  Kristyn D. Kelly, Assistant Attorney General
     Jeffrey Steven Bourgeois, Assistant Attorney General

For the Defendant:
Law Office of Robert M. Goldstein
20 Park Plaza
Suite 1000
Boston, Massachusetts 02116
By:  Robert M. Goldstein, Esq.

Boston, Massachusetts
Courtroom 704
May 29, 2019

Barbara A. Reardon, CET
Approved Court Transcriber

2

1   (Court in session.)
2   (Defendant present.)
3   (9:36 a.m.)
4       THE CLERK:  We have Number 4, David Perry, also Number 5.
5       Okay.  There are two cases on this matter.  Which -- what
6   are we doing today?
7       MR. GOLDSTEIN:  Both -- both of the cases -- so we're here
8   for two -- well, it was scheduled --
9       THE COURT:  Let me just hear from counsel.  You are?  Go
10  ahead, Counsel.
11      MR. GOLDSTEIN:  Robert Goldstein on behalf of Mr. Perry,
12  your Honor.
13      THE COURT:  All right.  Good morning, Mr. Goldstein.
14      MS. DUSEL:  Good morning, your Honor.  Kristyn Kelly on
15  behalf of the Commonwealth.
16      THE COURT:  All right.  Good morning, Ms. Kelly.
17      MR. BOURGEOIS:  Jeff Bourgeois on behalf of the Commonwealth
18  for the Office of the Attorney General.  Good morning, your
19  Honor.
20      THE COURT:  All right.  Good morning, Mr. Bourgeois.
21      So I have this down for discovery motions, but I haven't
22  seen the motions yet.
23      MR. GOLDSTEIN:  No, it's not on for discovery.  It's on
24  for -- there's a privilege issue.  There's privilege protocol
25  that's been ongoing.  I believe we put it on --

3

1    THE COURT: I recall that.
2    MR. GOLDSTEIN: I believe we put it on for a status
3  regarding that privilege protocol issue.
4    THE COURT: Yes.
5    MR. GOLDSTEIN: Additionally, your Honor, yesterday had --
6  your session should have received a motion to reconsider on the
7  bail issue. I can be very brief on this because I think we've
8  reached an agreement.
9    THE COURT: So let's first start with the protocol issue.
10   MR. GOLDSTEIN: Protocol. We're asking -- your Honor, we've
11 identified -- from the materials that we've received, we've
12 identified 39 potential names as having privileged material on
13 electronics that were seized by the Commonwealth. The next step
14 from our perspective -- and I'm not dealing with Ms. Kelly or
15 Mr. Bourgeois on this; I'm dealing with the digital lab people at
16 the Attorney General's Office -- is to try to identify contact
17 information, phone numbers and e-mails, for those relevant people
18 so that the digital lab can then scrub the potential -- the
19 seized materials for any potentially privileged materials.
20   So I was asking for a two- or three-week date to come back
21 so that I can go back to the lab and try and work out some
22 accommodation for us. We're going to have to get access to
23 additional materials, in particular computer and/or phone, to get
24 those contact information of the particular people. My client
25 doesn't have them. They're on -- they're on the machines that

1  were seized.  So I need to work through those issues with the
2  Commonwealth.
3       MS. KELLY:  Your Honor, that's accurate.  Mr. Bourgeois and
4  I have kind of been walled off at this point.  Counsel has been
5  speaking with the analyst who's been assigned directly, and
6  that -- kind of the chain of command goes up through -- the
7  communications go up to our deputy chief, Dave Deakin, so Dave
8  will inform us kind of how the progress is going.  So we're okay
9  with a couple week date for counsel to kind of do the next step
10 of the process, and then they'll update us at that point.
11      THE COURT:  All right.  And this is all before the defendant
12 turns over the documents to the Commonwealth?
13      MS. KELLY:  This is the defendant -- us working together to
14 help the defendant identify his list of clients, basically, so
15 that those terms can be run through the data to pull out the
16 privileged materials.
17      THE COURT:  All right.
18      MR. GOLDSTEIN:  I mean the Commonwealth's already seized all
19 of the materials --
20      THE COURT:  I see, but you want back --
21      MR. GOLDSTEIN:  -- pursuant warrants.
22      THE COURT:  It's coming back to me.  Right.
23      MS. KELLY:  Right.  I believe the analyst who's working on
24 this has been able to isolate certain lists and materials within
25 those devices to help the defendant produce those search terms,