UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DAVID PERRY,                     )
     Plaintiff,                  )
                                 )
     v.                          )    Civil Action No.21-11367-AK
                                 )
JOSEPH ROSS, JACK LOUIE,         )
MICHAEL FITZGERALD,              )
MICHELLE HALLORAN,               )
TOWN OF READING, ROBERT          )
MCHUGH and PATRICK               )
JOHNSON,                         )
     Defendants.                 )
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT
JACK LOUIE'S MOTION TO DISMISS**

Now comes the Plaintiff, David Perry, and hereby opposes the Defendant, Jack Louie's motion to dismiss under Fed.R.Civ.P. 12(b)(6).

The Defendants to this case knew David Perry was a practicing lawyer with offices located at 2599 Washington Street, Roxbury, MA.  See Docket Entry 5, Para. 51 and 76.  Jack Louie was part of a search team that executed on search warrants at 2599 Washington Street, Roxbury, MA.  See Docket Entry 5, Para. 64-67.

The search warrants were left at 2599 Washington Street for Perry's review upon release from custody, as he was arrested early that day and not released until the following day.  See Docket Entry 5, Para. 60.  The search warrants were served without the supporting affidavits.  The supporting affidavits

were released to David Perry on July 26, 2018.  See Docket Entry 27, Attach. 1, Para. 114 and Docket Entry 26, Attach. 1, Para. 5-6 and Ex. B thereto.  David Perry did not learn that the affidavits only sought to search 2599 Washington Street and not his law office until he received copies of those affidavits pursuant to a Court order allowing same on July 26, 2018.  Id.

The search warrants indicate the scope of the search of 2599 Washington Street, Roxbury, MA to be as described in Addendum B.  Addendum B states, "Place to be searched: The office and any common areas inside of 2599 Washington Street, Roxbury, MA 02119."  See Exhibit A hereto.  The search warrant would lead one to believe the "office" of the Law Office of David Perry fell within the scope authorized by the search warrant.  However, the affidavit submitted to obtain the search warrant is specific to RES (Recovery Educational Services) located at 2599 Washington Street and does not seek to search the Law Office of David Perry, although noted as also being located at 2599 Washington Street.

Thus, the Defendants were aware of the existence of both RES and the Law Offices of David Perry at 2599 Washington Street, but only sought by affidavit a search warrant for RES. The search warrant itself does not make this limited scope apparent on its face.  At this juncture, the Court should accept

as true that the search exceeded the authority of the search warrants as alleged.  See Docket Entry 5, Para. 118-120.

The motion to dismiss then rests on: 1) whether a claim was timely brought for the alleged illegal search; 2) whether Heck bars David Perry's claims; 3) whether Jack Louie is entitled to qualified immunity; 4) whether the Amended Complaint states a claim upon which relief may be granted; and 5) whether Jack Louie's conduct is extreme and outrageous to support a claim of intentional infliction of emotional distress.

**I. THE CLAIMS ARE TIMELY UNDER THE APPLICABLE STATUTES OF LIMITATION**

Jack Louie asserts that David Perry's claim must have accrued on or after August 20, 2018.  This date is determined using the 3 year statute of limitations typically applied in Section 1983 actions in Massachusetts and given the initial complaint was filed on August 20 2021. However, pursuant to *Shaw's Supermarkets, Inc. v. Melendez*, SJC-13054 (Mass. Sep. 3, 2021), interpreting the Supreme Court's Covid-19 Orders, the statute of limitations in this matter was tolled from March 17, 2020 through June 30, 2020. See *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003) (Section 1983 claim "borrows the appropriate state law governing limitations unless contrary to federal law.").  This Court has adopted the Massachusetts Supreme Judicial Court's tolling orders with respect to section 1983

actions. See *Silva v. City of New Bedford*, Civil Action 20-11866-WGY, 2 (D. Mass. May. 10, 2022).

The Supreme Court stated in *Shaw's Supermarket*: In ordering "[a]ll civil statutes of limitations . . . tolled . . . from March 17, 2020, through June 30, 2020," we thus did not refer only to those causes of action for which the date of statutory expiration fell within that time period. Rather, we included all causes of action for which the relevant limitations period ran for some period between, or through, those dates."

Thus, 107 days are added to the 3-year period that David Perry may assert actionable events occurred within. This date is May 5, 2018. Plaintiff Perry alleges in his proposed Second Amended Complaint at paragraph 114 and his affidavit submitted in support of his Opposition to Reading Defendants' Motion to Dismiss that he did not see the affidavits and returns associated with the search warrants until Ordered by Judge Sullivan on July 26, 2018.

The information that was provided to David Perry on or after July 26, 2018 revealed to David Perry *for the first time* that his law office was not included as part of the application for the search warrant for 2599 Washington Street, Roxbury, MA. Complaint.

David Perry's claims against Jack Louie are not barred by the 3 year plus 107-day statute of limitations because David

Perry did not know or have reason to know that the affidavit presented for the search warrant failed to include his law office and the search warrant itself confused the matter as it stated, the "office" located inside of 2599 Washington Street. David Perry had no reason *at that time* to not believe this "office" was his law office. He only learned otherwise on July 26, 2018, well within the statute of limitations. See *Street v. Vose*, 936 F.2d 38, 40 (1st Cir. 1991) (a Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

**II.   HECK V. HUMPHREY DOES NOT APPLY TO BAR PERRY'S CLAIMS**

"In determining whether a § 1983 claim is barred under Heck, the Court "must consider the relationship between the §1983 claim and the conviction, including asking whether the plaintiff could prevail only by negat[ing] an element of the offense of which he [was] convicted." See *Bochart v. City of Lowell*, C.A. No. 13-11753-FDS (D.Mass. Feb. 19, 2016) citing *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006) (quoting *Heck*, 52 U.S. at 486 n.6). Heck bars only a plaintiff's theory of relief that depends upon his innocence. Id.

David Perry's claims here do not require that an element of the offense for which he was convicted be negated. David Perry seeks to show an unlawful search and seizure, beyond the scope of a search warrant and harm that has resulted therefrom. A

Section 1983 claim is not barred if the factual basis for the conviction is temporally or conceptually distinct from the civil claims raised.  See *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). The harm David Perry alleges is as follows:

> 126.  The unreasonable and/or unauthorized search and seizure by these Defendants caused harm and damages to David Perry by impacting his law practice and his ability to earn a living, revealing privileged information of his own and clients, causing mental anguish and emotional harm, having RES and his law practice entered without a valid warrant being in-hand and/or presented by the Defendants prior to entry and search, and by exceeding the scope and authority of said warrant, invading the privacy and rights of David Perry.
>
> 127.  Perry has suffered harm and damages resulting from fear, worry, loss of sleep, shock, humiliation, embarrassment, distrust of law enforcement, unlawful entry, mental anguish and suffering.

Whether or not Jack Louie and the other State Police illegally entered and searched his law office can be proven without negating elements of the offenses for which he pled guilty.

Under the auspices of the subject search warrant, the State Police took David Perry's Compaq Presario computer and an RES business card from his law office at 2599 Washington Street, Roxbury, MA.  Neither the business card nor anything contained on the Compaq Presario computer were ever presented to David

Perry, his counsel, or the Court as evidence or proof of the Commonwealth's case.  See Exhibit A to Opp. to Johnson Motion to Dismiss.  Given these "facts" are not before the Court (i.e. whether or not the items illegally taken from David Perry's law office undermine the Commonwealth's case by negating elements of the offense(s) for which David Perry pled guilty), the *Heck* defense cannot be decided on a motion to dismiss.  Based on the foregoing, Jack Louie's *Heck* defense is not factually supported and cannot be properly considered at this stage of the case.

David Perry pled guilty to 34 charges.  The charges were for violating G.L. c. 268, Section 13E(b), conspiracy to violate drug law c. 94C, Section 40, sexual conduct for fee G.L. c. 272, Section 53A and drug possession class "C" G.L. c. 94C, Section 34.  To support the *Heck* defense, it is the Defendants' burden to show that information from David Perry's computer was accessed and used in his criminal prosecution such that it was relevant to the guilty plea, otherwise, the illegal search and seizure of the computer bears no relevance to the Commonwealth's case and does not undermine the conviction.  In short, the conviction cannot be based upon information stored in a computer that was unknown and never presented by the Commonwealth in support of its case.

### III.  JACK LOUIE IS NOT ENTITLED TO QUALIFIED IMMUNITY

"The determination whether an official is entitled to qualified immunity requires an assessment as to whether the facts alleged or shown by the plaintiff "make out a violation of a constitutional right" and, if so, "whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)." Robinson v. Cook, 863 F.Supp.2d 366 (D.Mass. 2003).  The law protecting individuals from illegal search and seizures is well founded.  The Fourth Amended provides that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated."

This case does not challenge probable cause for the issuance of a search warrant, but instead whether the Defendants exceeded the scope of what was authorized, or intended to be authorized from the circumstances of its issuance.

"Whether a search exceeds the scope of a search warrant is an issue we determine through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search." *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir.), amended on other grounds,298 F.3d 1021 (9th Cir. 2002).

*United States v. Pimentel*, No. 20-2024 (1st Cir. 2022 – Feb. 17, 2022).

Addendum B to the search warrant describes the premises to be searched. Although the place to be searched is generally described as "the office and any common areas" inside 2599 Washington Street, the only business referenced at the address is Recovery Educational Services. Nowhere does the search warrant indicate any other business to be searched at 2599 Washington Street.

The Defendants, through Trooper Patrick Johnson, submitted an affidavit to obtain the search warrant that was acted upon for 2599 Washington Street. The affidavit makes it clear that the application is for the office of RES located at 2599 Washington Street. There was no request to enter David Perry's law office although it was acknowledged as existing at 2599 Washington Street in the affidavit.

Looking at the circumstances of the issuance of this search warrant, including the affidavit of Trooper Johnson, it is quite clear that the search exceeded the scope of the search warrant. The Defendants cannot prove "good faith" in this case – but they do argue such, but this defense can only be decided by the Court upon review of the search warrant affidavit and the "circumstances surrounding the issuance of the warrant and the

circumstances of the search."  This is not a defense that should considered based upon the pleadings alone.

### IV. THE AMENDED COMPLAINT STATES A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Jack Louie asserts that he is only mentioned specifically by name 5 times and that by including him in the group of "Defendants," that such lacks particularity to state a claim. Jack Louie is included as part of a "Search Team" identified in the Amended Complaint which includes the two other State Police Defendants.  See Docket Entry 5, Para. 64.  The Search Team is referenced in factual allegations in over 20 paragraphs, in addition to Jack Louie being elsewhere individually identified.

There are sufficient factual allegations concerning the actionable conduct of Jack Louie.

### V. JACK LOUIE'S CONDUCT IS EXTREME AND OUTRAGEOUS

David Perry voluntarily dismisses this claim against Jack Louie.

Based on the foregoing, the Defendant Jack Louie's motion to dismiss should be denied, except as to the claim for intentional infliction of emotional distress which is voluntarily dismissed.

Dated this 23rd day of May 2022.

Respectfully submitted,
For the Plaintiff,

*/s/Andrew J. Tine*
Law Office of Andrew J. Tine
BBO633639
18 Maple Avenue, #267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – tel.

## CERTIFICATE OF SERVICE

    I, Andrew J. Tine, hereby certify that on this 23rd day of May, 2022, I filed the foregoing via the United States District Court's electronic notification system.

                              */s/ Andrew J. Tine*