UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 21-CV-11367-AK

|  |  |
|---|---|
| David Perry, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Joseph Ross, Jack Louie, Michael Fitzgerald, | ) |
| Michelle Halloran, Town of Reading, Robert | ) |
| McHugh, and Patrick Johnson, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JOSEPH ROSS'S REPLY IN SUPPORT OF
HIS MOTION TO DISMISS**

The Plaintiff's Opposition to Defendant Joseph Ross's Motion to Dismiss ("Opposition"), much like his proposed Second Amended Complaint, falls short of relieving the Plaintiff from the many fatal deficiencies of his case. The Plaintiff has not overcome the several, independent reasons his claim must be dismissed. For the reasons outlined in Defendant Ross's Motion, and those that follow in this Reply,[1] the Plaintiff's sole[2] remaining count against Defendant Ross should be dismissed.

---

[1] On May 26, 2022, Defendant Ross filed an Assented-To Motion for Leave to File Reply to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 65). Defendant Ross reiterates his request for leave to file this Reply, and files this Reply to preserve his ability to address the Plaintiff's Opposition.

[2] The Plaintiff concedes that he fails to state a claim for the Intentional Infliction of Emotional Distress; therefore, only the Plaintiff's § 1983 claim (Count I) is at issue in this Motion.

1

I.   **The Plaintiff's Post Hoc Factual Amendments Cannot Save His Claim from the Statute of Limitations.**

For the first time in his Opposition, the Plaintiff argues that his claim is timely because he did not know or have reason to know of his injury until July 26, 2018, when he allegedly reviewed the affidavit attached to the search warrant at issue. He now claims that July 26 was when he first learned that the warrant excluded his law office. Pl.'s Opp'n at 4. This argument is belied by the Plaintiff's own factual allegations and is otherwise immaterial as a matter of law. The Plaintiff's claim falls outside the applicable statute of limitations and should be dismissed.

As a matter of law, the clock starts for purposes of calculating the statute of limitations "at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim." *Nieves v. McSweeney*, 241 F.3d 46, 52 (1st Cir. 1994). A § 1983 claim premised on an unreasonable search and seizure accrues on the date the search and seizure occurred. *See Allen v. Town of E. Longmeadow*, No. 17-cv-30041-MGM, 2018 U.S. Dist. LEXIS 34509, at *28 (D. Mass. Feb. 9, 2018), *report and recommendation adopted* 2018 U.S. Dist. LEXIS 34108 (D. Mass. Mar. 2, 2018) ("A § 1983 claim based on an allegedly illegal search generally accrues on the date on which the search occurred."); *accord Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008); *Meza v. Schaaf*, No. 11-cv-483-JD, 2012 U.S. Dist. LEXIS 92743, at *7 (D.N.H. Mar. 21, 2012); *Medina v. Toledo*, 718 F. Supp. 2d 194, 204 (D.P.R. 2010).

Moreover, the Plaintiff's Amended Complaint and proposed Second Amended Complaint wholly confirm that he knew or had reason to know of the injury underlying his § 1983 claim on November 14, 2017, the date of the search and seizure. Notably, the Plaintiff alleges that Defendant Ross and other members of the "Search Team" destroyed his ability to carry on his law practice from the date of the search and seizure, i.e., November 14, 2017. Am. Compl., Dkt. No. 5, at ¶ 88 ("When the Defendants, specifically the 'Search Team,' illegally seized the

electronic storage devices located inside the 'Law Offices of David W. Perry,' they effectively destroyed Perry's ability to carry on his law practice from that point forward."); *id.* ¶ 89 (alleging the Plaintiff lost income from November 14, 2017 onward); *see also, e.g.*, Second Am. Compl., Dkt. No. 27-1, at ¶¶ 88-89.  In his Opposition, the Plaintiff repeats these allegations and concedes injury as of November 14, 2017.  Pl.'s Opp'n at 6 ("This illegal search and seizure prevented David Perry from being able to earn a living *from November 14, 2017* through October 2019 when he pled guilty.") (emphasis added).  The Plaintiff unquestionably knew of his alleged injury, and his claim therefore accrued, on November 14, 2017—seven months before his filing deadline on May 5, 2018.³  The Plaintiff's claim is time-barred and subject to dismissal.

II.     **The Plaintiff's Claim is *Heck*-Barred.**

The Plaintiff misconstrues and minimizes *Heck v. Humphrey* in attempting to save his claim by arguing that "Perry's claims here do not require that an element of the offense for which he was convicted be negated."  Pl.'s Opp'n at 7.  *Heck's* reach is broader:  it bars claims that, if successful, would imply the invalidity of a plaintiff's conviction.  *See Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007); *see also Wheeler v. Scarafiotti*, 85 Fed. App'x 696, 700 (10th Cir. 2004) ("[A]n attempt to convince a jury that the [defendant] officers falsified the very reports that led to [plaintiff's] conviction would cast doubt on that conviction[.]").

The Plaintiff's § 1983 claim hinges solely on the "illegal search and seizures that occurred in [the Plaintiff's] law office."  Pl.'s Opp'n at 6.  Because the Plaintiff challenges the same search and seizures that lead to his guilty pleas and formed the evidentiary basis for his conviction, his claim is *Heck*-barred.  *See, e.g.*, *Mosby v. O'Brie*, 532 Fed. App'x 84, 85 (3d Cir. 2013) (barring the plaintiff's Fourth Amendment claims relating to an alleged unlawful arrest

---

³ This assumes *arguendo* application of the Supreme Judicial Court's COVID-19 tolling Order.

because the plaintiff plead guilty to charges stemming from that arrest); *Weaver v. Geiger*, 294 Fed. App'x 529, 533 (11th Cir. 2008) (holding "allegation of an invalid basis for the search warrant . . . amounts to the kind of attack on the factual basis for a conviction that we have deemed impermissible under *Heck*"); *Ward v. City of Middletown*, No. 17 Civ. 5248 (NSR), 2022 U.S. Dist. LEXIS 32810, at *12 (S.D.N.Y. Feb. 24, 2022) (a § 1983 action targeting a single search necessarily demonstrates the invalidity of a conviction based on that search "because the entire evidentiary basis for the charged offense derives from . . . a single search that is now being questioned as part of a § 1983 action."). To credit the Plaintiff's § 1983 claim and permit collateral review of the search and seizures that led to the Plaintiff's guilty pleas and convictions necessarily casts doubt on those convictions, and, therefore, *Heck* bars the Plaintiff's claim.

### III.  Qualified Immunity Attaches to Defendant Ross.

The Plaintiff misstates the standard of law for qualified immunity. "[Q]ualified immunity against personal liability exist *even for constitutional mistakes* and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Solis-Alarcon v. United States*, 662 F.3d 577, 581 (1st Cir. 2011) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011) (emphasis added)). In other words, even if Defendant Ross exceeded the scope of the search warrant, so long as his conduct was not "manifestly unreasonable," or "plainly incompetent," qualified immunity attaches. *See Solis-Alarcon*, 662 F.3d at 582. Qualified immunity attaches notwithstanding reasonable mistakes by police officers in interpreting and executing warrants. *See, e.g.*, *Arnsberg v. United States*, 757 F.2d 971, 981 (9th Cir. 1984) ("It would be unreasonable, and hence it is not constitutionally required, to demand that arresting officers regularly scrutinize warrants for such technical discrepancies."); *Johnson v. Miller*, 680 F.2d 39,

41 (7th Cir. 1982) (arresting officers lack constitutional obligation to review warrants for discrepancies between the warrant description and the appearance of the person to be arrested).

Here, drawing all inferences in favor of the Plaintiff, the question for purposes of this analysis becomes whether it was plainly incompetent for Defendant Ross to search the Plaintiff's law office when that office was not specifically identified in (but also not excluded from) the warrant, which covered "the office and any common areas" at 2599 Washington Street.  Am. Compl., Dkt. No. 5, at 79.  The answer is a resounding no.  As even the Plaintiff acknowledges when he states that "[t]he search warrant itself does not make this limited scope apparent on its face," Pl.'s Opp'n at 2, it is not manifestly unreasonable for Defendant Ross to have searched the Plaintiff's law office, based on his interpretation of the warrant.  Therefore, qualified immunity shields Defendant Ross from liability in this matter.

## IV.     CONCLUSION

Wherefore, for the foregoing reasons, Defendant Joseph Ross moves for each count against him to be dismissed.

Respectfully submitted,<br>
Defendant,<br>
Joseph Ross,<br>
By his Attorneys,<br><br>
/s/ Matthew W. Costello<br>
Thomas P. Campbell, BBO # 564124<br>
Matthew W. Costello, BBO # 696384<br>
D'Ambrosio LLP<br>
185 Devonshire Street, 10th Floor<br>
Boston, MA  02110<br>
Tel.:   (617) 720-5657<br>
Fax:   (617) 723-4967<br>
tcampbell@dambrosiollp.com<br>
mcostello@dambrosiollp.com<br>

DATED:  June 10, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I electronically filed the foregoing notice through the CM/ECF system with the Clerk of the District Court, and that the notice will then be sent electronically to counsel for all other parties, all of whom are registered participants in the Court's CM/ECF system.

/s/ *Matthew W. Costello*
Matthew W. Costello

Dated:  June 10, 2022